UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BMG MUSIC d/b/a JAY RECORDS,

        Plaintiff,

    v.                                                        Civil Action No. 07-cv-6076

J7 RECORDS, INC.,

        Defendant.

---

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

I.   Preliminary Statement ............................................................................................................. 1

II.  Salient Facts ............................................................................................................................ 2

    A.   J7, Generally ................................................................................................................... 2

    B.   J7's Use of the "J7 Records" Mark ................................................................................ 2

    C.   J7's Has Never Transacted Business in New York ........................................................ 3

    D.   All Salient Witnesses and Documents are in Baton Rouge ............................................ 3

III. Point One J7 Is Not Subject to Personal Jurisdiction in New York ....................................... 4

    A.   Standard of Review ......................................................................................................... 4

    B.   Jurisdiction under New York's Long Arm Statute, Generally ....................................... 5

        1.   Jurisdiction under 302(a)(3)(ii) (The *LaMarca* Test) ............................................. 6

    C.   Jurisdiction Over J7 Does Not Comply with Due Process ............................................ 8

        1.   Minimum Contacts ................................................................................................. 8

        2.   Jurisdiction over J7 is Not Reasonable .................................................................. 9

    D.   Conclusion on the Issue of Personal Jurisdiction ......................................................... 10

IV.  Conclusion ............................................................................................................................ 11

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

A.I. Trade Fin,
 989 F.2d 76 (2d Cir. 1993) .............................................................................................. 4

A.I. Trade Fin. Inc. v. Petra Bank,
 989 F.2d 76 (2d Cir. 1993) .............................................................................................. 4

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,
 171 F.3d 779 (2d Cir. 1999) ......................................................................................... 4, 5

Bensusan Rest. Corp. v. King,
 126 F.3d 25 (2d Cir. 1997) .............................................................................................. 5

Burger King v. Rudzewicz,
 471 U.S. 462 (1985) ........................................................................................................ 9

Credit Lyonnais Secs. (USA), Inc. v. Alcantara,
 183 F.3d 151 (2d Cir. 1999) ............................................................................................ 4

CutCo Indus., Inc. v. Naughton,
 806 F.2d 361 (2d Cir. 1986) ............................................................................................ 4

DiStefano v. Carozzi N. Am., Inc.,
 286 F.3d 81 (2d Cir. 2001) ........................................................................................... 4, 5

Fantis Foods, Inc. v. Standard Importing, Co.,
 49 N.Y.2d 317, 402 N.E.2d 122, 425 N.Y.S.2d 783 (1980) ............................................ 7

Grand River Enters. Six Nations, Ltd. v. Pryor,
 425 F.3d 158 (2d Cir. 2005) ......................................................................................... 4, 5

Hanson v. Denckla,
 357 U.S. 235 (1940) ........................................................................................................ 8

Helicopteros Nacionales de Colombia, S.A. v. Hall,
 466 U.S. 408 and notes 8 and 9 (1984) ........................................................................ 8, 9

Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,
 763 F.2d 55 (2d Cir. 1985) .............................................................................................. 4

Ingraham v. Carroll,
 90 N.Y.2d 592, 599, 665 N.Y.S.2d 10, 687 N.E.2d 1293 (1997) .................................... 7

International Shoe v. Washington,
 326 U.S. 310 (1945) (citations omitted) ......................................................................... 8

Kernan v. Kurz-Hastings, Inc.,
 175 F.3d 236 (2d Cir. 1999) ............................................................................................ 7

Landoil Res. Corp. v. Alexander & Alexander Services, Inc.,
 918 F.2d 1039 (2d Cir. 1990) .......................................................................................... 4

Magnetic Audiotape Antitrust Litig.,
 334 F.3d 204 (2d Cir. 2003) ............................................................................................... 4

Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.,
 84 F.3d 560 (2d Cir. 1996) ......................................................................................... passim

PDK Labs, Inc. v. Friedlander,
 103 F.3d 1105 (2d Cir. 1997) ........................................................................................ 4, 5

Perkins v. Benguet Consol. Mining Co.,
 342 U.S. 437 (1952) ........................................................................................................... 8

Whitaker v. American Telecasting, Inc.,
 261 F.3d 196 (2d Cir. 2001) .......................................................................................... 4, 5

World-Wide Volkswagen Corp. v. Woodson,
 444 U.S. 286 (1980) ........................................................................................................... 8

**Rules**

CPLR § 302 .................................................................................................................................. 6

Defendant J7 Records, Inc. ("J7") submits this memorandum, along with the declaration of Tireka Cobb ("Cobb") in support of their motion to dismiss this case for lack of personal jurisdiction.

## I. Preliminary Statement

This action has all the earmarks of a proverbial "David vs. Goliath" case, in which Plaintiff BMG Music d/b/a Jay Records ("BMG") appears to have brought this action – and brought this action in this district – solely to harass J7.[1]

<u>J7 is not subject to personal jurisdiction in New York.</u>  That J7 is not subject to personal jurisdiction in this district is beyond cavil.  J7 has ***never*** conducted business in New York.  J7 does not yet sell any products – and thus could not have transacted any business which even would have an effect on commerce in New York.  BMG proffers no "evidence" of any such activity in New York.  J7 never has promoted its mark in New York.  Given the causes of action raised by BMG's complaint, J7 could not have caused damage in New York.

<u>This Venue is Inappropriate for this Action.</u>  For the past several years, J7 has conducted business in the state of Louisiana.  Specifically, J7 has been promoting musicians in Baton Rouge, Louisiana.  All of J7's business to date has been in Louisiana.  All witnesses that could provide evidence on the issue of J7's business activities are located in Louisiana.  All documents detailing J7's use of the formative "J7" are located in Louisiana.  As such, in the event that this

---

[1]  Indeed, not only does BMG's complaint contain excessive focus on irrelevant facts, but it also raises as a private cause of action N.Y. Gen Bus. Law § 349 – a statute "directed at wrongs against the consuming public." <u>Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.</u>, 85 N.Y.2d 20, 24, 647 N.E.2d 741, 623 N.Y.S.2d 529 (1995).  <u>See also</u>  <u>Tommy Hilfiger Licensing, Inc. v. Nature Labs, LLC</u>, 221 F. Supp. 2d 410, 413 n.2 (S.D.N.Y. 2002) ("the majority [of courts] have held that trademark cases are outside the scope of this general consumer protection statute.")

Court determines that personal jurisdiction exists over J7, this Court should nonetheless either dismiss this action for improper venue or transfer this action to the Middle District of Louisiana.

## II.     Salient Facts

Although the factual landscape underlying BMG's claims in this action seem complex, for the current motion, the factual background and the basis for the current motion are simple.

### A.     J7, Generally

J7 is an entertainment company located in Baton Rouge Louisiana.  See Cobb Dec. at ¶ 3. J7 was formed in 2000 by Cobb, John Thomas and Darlene Henry.  Id. at ¶ 4.  J7 was formed with the hope of creating a music label featuring musicians from Louisiana and the south.  Id. at ¶ 5.  Although J7 is promoting musicians in Louisiana, as of this date, J7 has not released any products to the public.  Id. at ¶ 6.  Likewise, J7 does not have any full time employees.  Id. at ¶ 7.

Currently, J7's marketing efforts have been dedicated to one artist, named Lady Royale. Id. at ¶ 8.  One song by Lady Royale has been made available over the internet, by broadcast and free download.  Id. at ¶ 9.  This exploitation has been promotional only, and for which J7 has not received any income.  Id.

### B.     J7's Use of the "J7 Records" Mark

J7 commenced using the service mark "J7" in connection with promoting musical events in 2000.[2]  Id. at ¶ 10.  These events took place solely within the state of Louisiana. Id. at ¶ 11.  J7 has not manufactured, distributed or sold any products; musical albums or otherwise.  Id. at ¶ 12.  J7 has not authorized any party to use the term "J7 Records" in

---

[2]     In this regard, it should be noted that J7's use of the term "J7 Records" appears to pre-date the use of the mark "J Records by BMG and its predecessor(s).  As such, if BMG is correct that the marks are confusingly similar, it may be that BMG has no right to use the marks J Records."

- 2 -

connection with any products or services.  Id. at ¶ 13.  All of J7's use of the mark "J7 Records" has occurred within the State of Louisiana.  Id. at ¶ 14.

It should be noted that J7 does operate a web-site.  Id. at ¶ 15.  The web-site has the uniform resource locator ("URL") **www.j7records.com**.  This web-site, which has been active for at least four years, does not offer for sale any products.  Id. at ¶ 16.  Currently, it is almost exclusively dedicated to information about the musical artist Lady Royale.  Id.

As BMG avers, J7 did file a trademark application for the term "J7 Records."  Id. at ¶ 18 and Ex. A.  Despite BMG's allegations about the similarities of the trademarks, the United States Patent and Trademark Office determined that the marks were not sufficiently similar to prevent publication and registration.  Id.

### C.    J7's Has Never Transacted Business in New York

J7 has never sold any products.  Id. at ¶ 18.  As such, J7 has never sold any products in New York.  Id.  J7 has never solicited any services from individuals or corporations located in New York.  Id. at ¶ 19.  J7 has not promoted any products or otherwise undertaken any professional activity within the State of New York.  Id. at ¶ 20. J7 has not derived any economic benefit from individuals or corporations located in New York.  Id. at ¶ 21.  J7 has never owned any property within the State of New York.  Id.

### D.    All Salient Witnesses and Documents are in Baton Rouge

J7's offices are in Baton Rouge, Louisiana.  See Cobb Dec. at ¶ 3.  To date, J7's target audiences have all been in and around Louisiana.  Id. at ¶ 22.  All individuals, of whom J7 is aware, that have knowledge of J7's use of the mark "J7 Records" are located

in or around Baton Rouge, Louisiana.  Id. at ¶ 23.  All of J7's documents and records are in Baton Rouge, Louisiana.  Id. at ¶ 24.  J7 is a tiny company that cannot afford to conduct a litigation in New York.  Id. at ¶ 25.

### III.	Point One	J7 Is Not Subject to Personal Jurisdiction in New York

J7 is not doing business in New York, and has not engaged in any conduct New York.  It this lack of forum based activities is insufficient to bring J7 within the ambit of New York's long arm jurisdiction without offending considerations of due process.

#### A.	Standard of Review

On a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of showing that the court has jurisdiction over the defendants.[3]  At the motion to dismiss stage, "all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor."[4]  Likewise, "Where the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor."[5]

---

[3]	In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003); see also Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005); DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001); Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999); Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996).

[4]	A.I. Trade Fin. Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993).  See also Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 153 (2d Cir. 1999).

[5]	Whitaker v. American Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001) (quoting A.I. Trade Fin, 989 F.2d 76, 79-80 (2d Cir. 1993)); see also DiStefano, 286 F.3d at 84; PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997); Landoil Res. Corp. v. Alexander & Alexander Services, Inc., 918 F.2d 1039, 1043 (2d Cir. 1990); CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986); Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 57 (2d Cir. 1985).

Federal courts examining a motion to dismiss for lack of personal jurisdiction conduct a two-part inquiry. First, the court considers whether jurisdiction exists under the long arm jurisdiction of the forum state, in this instance New York.[6] Second, the Court determines whether the exercise of jurisdiction would be permissible under the Due Process Clause of the Fourteenth Amendment.[7]

### B.    Jurisdiction under New York's Long Arm Statute, Generally

New York's long-arm statute[8] provides:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

---

[6] Whitaker, 261 F.3d at 208 (quoting Bensusan Rest. Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997)); see also Grand River Enters., 425 F.3d at 165; DiStefano, 286 F.3d at 84; Bank Brussels Lambert, 171 F.3d at 784; PDK Labs, 103 F.3d at 1108; Metropolitan Life Ins., 84 F.3d at 567.

[7] Whitaker, 261 F.3d at 208; see also Grand River Enters., 425 F.3d at 165; Bank Brussels, 171 F.3d at 784; Bensusan, 126 F.3d 25, 27 (2d Cir. 1997); Metropolitan Life Ins., 84 F.3d at 567.

[8] N.Y. C.P.L.R. § 302(a).

       4. owns, uses or possesses any real property situated within the state.[9]

J7 does not transact any business within the State of New York; nor does it contract to supply goods or services within the State of New York. J7 does not solicit business from individuals or corporations located in New York or derive revenue from goods used or consumed or services rendered within the State of New York. As such, CPLR §§ 302(a)(1) and 302(a)(3)(i) are irrelevant here. J7 does not owns, uses or possesses any real property situated within the State of New York, rendering CPLR § 302(a)(4) irrelevant as well. Inasmuch as J7 has transacted no business within the State of New York, it could not have committed a tort within the State of New York, thereby undercutting any claim of personal jurisdiction under CPLR § 302(a)(2). As such, given BMG's allegations of "harm in New York" it appears that BMG could only allege jurisdiction pursuant to CPLR § 302(a)(3)(ii).

### 1.   Jurisdiction under 302(a)(3)(ii) (The *LaMarca* Test)

In <u>LaMarca v. Pak-Mor Mfg. Co.</u>,[10] the New York Court of Appeals developed a five-part test for determining whether a plaintiff has established jurisdiction under C.P.L.R. § 302(a)(3)(ii):

> First, that defendant committed a tortious act outside the State; second, that the cause of action arises from that act; third, that the act caused injury to a person or property within the State; fourth, that defendant expected or should reasonably have expected the act to have consequences in the State; and fifth, that defendant derived substantial revenue from interstate or international commerce.[11]

These requisites are not met here.

---

[9]    <u>Id.</u>

[10]   95 N.Y.2d 210, 735 N.E.2d 883, 713 N.Y.S.2d 304 (N.Y. 2000).

[11]   <u>Id.</u>, 95 N.Y.2d at 214.

BMG's complaint alleges that J7's use of the term "J7 Records," all of which occurred outside of the state, amounts to trademark infringement (i.e. the tortuous conduct complained of) and an injury to BMG within the State of New York.[12]  Thus, BMG has arguably alleged existence of the first three factors of the *LaMarca* test.  However, it has not – and cannot meet the fourth and fifth factors.

The test to determine whether the "foreseeability" requirement (i.e. the fourth factor of the *LeMarca* test) is met "is an objective rather than subjective one."[13]  In as case like this, the Second Circuit requires "a discernible effort [by the defendant] to directly or indirectly serve the New York market."[14]  Here, other than a naked, conclusory allegation, BMG provides no factual basis for alleging that J7 should have had any expectation that BMG objected to J7's conduct.  To the contrary, BMG indicates that it first contacted J7 in 2007 – ***seven years after J7 adopted the "J7 Records Trademark."***  J7 has not tried to serve the New York market – it has made no forays into that market, as it has not even distributed a product.  As such, the fourth *LeMarca* factor precludes personal jurisdiction here.

Similarly, the fifth *LeMarca* factor precludes personal jurisdiction here.  The fifth factor "narrows the long-arm reach to preclude the exercise of jurisdiction over nondomiciliaries who might cause direct, foreseeable injury within the State, but whose business operations are of a local character."[15]  This is a "bigness requirement" designed to ensure that the defendant is

---

[12]     See BMG's Complaint at ¶ 7.

[13]     Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 241 (2d Cir. 1999).

[14]     Id.  See also Fantis Foods, Inc. v. Standard Importing, Co., 49 N.Y.2d 317, 326, 402 N.E.2d 122, 425 N.Y.S.2d 783, 787 (1980).

[15]     Ingraham v. Carroll, 90 N.Y.2d 592, 599, 665 N.Y.S.2d 10, 687 N.E.2d 1293 (1997)

- 7 -

"economically big enough to defend suit in New York."[16]   J7 is a small company with no full time employees.  It derives *no* revenue.  As such, this factor clearly tolls the death knell for any claim by BMG that J7 is subject to personal jurisdiction in New York.

### C.     Jurisdiction Over J7 Does Not Comply with Due Process

The Due Process Clause permits a state to exercise personal jurisdiction over a non-resident defendant who has had "certain minimum contacts with [the forum state], such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice."[17] The Second Circuit has held that the Due Process analysis has two components, "the minimum contacts inquiry and the reasonableness inquiry."[18]

#### 1.     Minimum Contacts

The minimum contacts test rests on whether a defendant's "conduct and connection with the forum state" are such that "it should reasonably anticipate being haled into court there."[19] A non-resident defendant has minimum contacts with the forum state if it commits "some act by which it purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws."[20]

---

[16]   Id.

[17]   International Shoe v. Washington, 326 U.S. 310, 316 (1945) (citations omitted).

[18]   Metropolitan Life Ins., 84 F.3d at 567.

[19]   World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

[20]   Hanson v. Denckla, 357 U.S. 235, 253 (1940).

- 8 -

Two separate forms of personal jurisdiction – general and specific – satisfy "minimum contacts," depending on the nature of the defendant's contacts (or lack thereof) in a given case.[21] General jurisdiction applies when a defendant's contacts with the forum state are of such a "continuous and systematic" nature, that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state.[22]  By contrast, for specific jurisdiction, a court may exercise personal jurisdiction over a defendant only if the plaintiff's claims arise out of or are related to the defendant's contacts with the forum.[23]

 J7 does not have sufficient minimum contacts with the State of New York through either specific jurisdiction or general jurisdiction.  Rather, J7 has *no* contacts with the State of New York, meaning that any exercise of jurisdiction over J7 would violate the Due Process Clause.

### 2. Jurisdiction over J7 is Not Reasonable

In conducting an inquiry into the reasonableness of an exercise of personal jurisdiction, federal courts in this Circuit consider the following five (5) factors: (1) the burden on the defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering substantive social policies.[24]

---

[21]   Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 and notes 8 and 9 (1984).

[22]   Id.; Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 448 (1952).

[23]   Helicopteros, 466 U.S. at 414 n. 8; Burger King v. Rudzewicz, 471 U.S. 462, 472-73 (1985).

[24]   Metropolitan Life, 84 F.3d at 568.

The burden on J7, a tiny corporation based in Baton Rouge, Louisiana, is palpable. It would need to engage counsel in New York at a much higher cost that counsel in Louisiana; it would need to take discovery in New York, and attend trial in New York. This would bankrupt J7. Other than the fact that BMG apparently does business in New York, New York has no special interest in this case. It is a simple trademark infringement matter, the main claims arising under Federal law, that can be adjudicated in any federal court. Although BMG may have an interest in attaining "convenient" relief that might be furthered by this action proceeding in New York, it certainly could attain effective relief in Louisiana.

In evaluating whether extending personal jurisdiction will result in the efficient administration of justice, courts will "generally consider where witnesses and evidence are likely to be located."[25] In this case, all of the alleged improper conduct, and all of the relevant witnesses to that conduct would be in Louisiana.

The reasonableness factors weighing in favor of BMG are unequivocal at best. Yet, the reasonableness factors weighing in favor of J7 present a "compelling case" that the Court's exercise of personal jurisdiction over J7 in this case would be unreasonable. Accordingly, even if J7 did have minimum contacts with the State of New York, the exercise of personal jurisdiction here would not comport with the requirements of Due Process.

### D.    Conclusion on the Issue of Personal Jurisdiction

The requirements of C.P.L.R. § 302(a) are not met here. Likewise, the requirements of the Due Process Clause cannot be satisfied. Accordingly, the Court may not properly exercise personal jurisdiction over J7 in this case.

---

[25]    Metropolitan Life, 84 F.3d at 574

- 11 -

**IV.** <u>Conclusion</u>

In light of the foregoing, this Court should Grant J7's motion to dismiss for lack of personal jurisdiction.

Respectfully Submitted,

**Dated:** September 14, 2007
New York, New York

By: _____
Oren J. Warshavsky  (OW 9469)
**TROUTMAN SANDERS LLP**
405 Lexington Avenue
New York, New York 10174
(212) 704-6213 Telephone
(212) 704-8356 Facsimile
oren.warshavsky@troutmansanders.com

*Counsel to Defendant J7 Records, Inc.*